UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JM GODFREY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN PVSP,<br><br>    Respondent. | Case No. 20-01381 BLF (PR)<br><br>**ORDER OF DISMISSAL; DENYING PENDING MOTIONS AS MOOT; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket Nos. 11, 17) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of resentencing under "SB 620."[1] Dkt. No. 1. Petitioner has paid the filing fee. Dkt. No. 16.

**I. DISCUSSION**

I.    <u>**Standard of Review**</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

---

[1] This matter was reassigned to this Court after Petitioner declined magistrate judge jurisdiction. Dkt. Nos. 7, 10.

§ 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Rule 4 of the Rules Governing Section 2254 Cases also provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## II. Analysis

According to the petition, Petitioner was convicted in San Mateo County Superior Court of several counts, including felony-carjacking, second degree robbery, and two counts of felony-assault with a semiautomatic firearm, as well as enhancements for personal use of a firearm, commission of violent felony while on parole, and a prior felony conviction. Dkt. No. 1 at 22-23. Petitioner entered a plea of nolo contendere on March 10, 2010. *Id.* at 23. He was likely sentenced shortly after April 30, 2010, which is the date of the probation officer's report and recommendation to the sentencing court. *Id.* at 22. Petitioner did not appeal. *Id.* at 2. The petition does not clearly state the terms of his sentence. Still serving his sentence, Petitioner filed state habeas petitions in 2019, with the state high court denying the petition on January 22, 2020. *Id.*

Attached to the federal petition, Petitioner includes a copy of the state superior court's decision denying his first state habeas petition. Dkt. No. 1 at 21. In denying relief, the state court stated, "Senate Bill 620 does not apply retroactively to final judgments." *Id.*

2

The state appellate and high courts summarily denied Petitioner's subsequent petitions. *Id.* at 16, 18. The instant petition indicates that Petitioner was sentenced sometime in 2010, and that he did not appeal the matter. *See supra* at 2. Therefore, Petitioner had 60 days after judgment to file a direct appeal, Cal. Rule of Court 8.308(a), and then another 90 days to file a petition for a writ of certiorari from the United States Supreme Court, *see Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002); Petitioner did neither. Accordingly, Petitioner's judgment became final 150 days after judgment was entered, which is sometime at the end of 2010.

Well after Petitioner's sentence became final, the California Governor approved Senate Bill 620 on October 11, 2017, amended Penal Code sections 12022.5 and 12022.53 and allowed trial courts at the time of sentencing to strike or dismiss a firearms enhancement "in the interest of justice." Senate Bill No. 620; *see* Cal. Pen. Code §§ 12022.5(c), 12022.53(h). The law became effective on January 1, 2018. *Id.*

Petitioner seeks "extraordinary relief" and claims that "SB 620," i.e., Senate Bill No. 620, should be applied retroactively.[2] *Id.* at 5. He also asserts that SB 620 is deficient because it has no provision for resentencing youth offenders, it violates the Eighth Amendment, and that the "Slack Rule"[3] applies. *Id.* at 7-10. It does not appear that Petitioner raised the claims involving the Eighth Amendment and the "Slack Rule" in his state habeas petitions, and therefore these claims are unexhausted.[4] Dkt. No. 1 at 21.

---

[2] Petitioner claims that that a "definition of use of firearm" needs to be made on a "case by case" basis under "US v. Willis (2015)." Dkt. No. 1 at 6. However, he only provides the name and year for this case, and without a legal citation, the Court is unable to ascertain the actual case law on which Petitioner relies.

[3] By the "Slack Rule," Petitioner appears to be referring to the rule set forth in *Slack v. McDaniel*, 529 U.S. 473, 482 (2000), which involves the right to appeal from a denial of the writ of habeas corpus as being governed by the Certificate of Appealability requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

[4] Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an

Petitioner's attack of SB 620 essentially involves the interpretation and application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."). The fact that Petitioner attempts to characterize his claim as a violation of his federal constitutional rights, without more, is not sufficient. *See, e.g., Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (litigant cannot "transform a state-law issue into a federal one merely by asserting a violation of due process"). Furthermore, he has not exhausted his Eighth Amendment claim, and asserting the "Slack Rule" is premature. *See supra* at 3, fn. 3.

This court is bound by the state court's interpretation of state sentencing laws. The state superior court clearly stated that Senate Bill 620 does not apply retroactively to final judgments. Nowhere in the petition does Petitioner allege that his judgment is not final. Even if the state superior court misapplied Senate Bill 620 to deny relief, Petitioner does not present a federal habeas claim. Other district courts have reached the same conclusion and found that a state court's alleged misapplication of Senate Bill 620 does not present a federal habeas claim. *See, e.g.*, *Maldonado v. Koenig*, No. 1:19-cv-01008-SKO (HC), 2019 WL 3530316, at *2 (E.D. Cal. Aug. 2, 2019) (concluding that challenge to state court's application of SB 620 does not present a cognizable federal habeas claim); *Anderson v. Pfeiffer*, No. 2:18-CV-1749-KJM-DMC-P, 2019 WL 2026509, at *3 (E.D. Cal. May 8, 2019) (same); *Williams v. Diaz*, 1:18-cv-01728-SKO (HC), 2019 WL 399223, at *1-2 (E.D. Cal. Jan. 30, 2019) (same). Accordingly, the petition must be dismissed.

## II.  CONCLUSION

For the foregoing reasons, the instant petition for a writ of habeas corpus is **DISMISSED** for lack of federal habeas jurisdiction.

---

opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

No certificate of appealability is warranted in this case. *See* Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition).  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion for appointment of counsel is **DENIED** as moot in light of this dismissal.  Dkt. No. 11.  Petitioner's motion for leave to proceed *in forma pauperis*, Dkt. No. 17, is **DENIED** as moot since he has provided proof of payment.  Dkt. No. 16.

This order terminates Docket Nos. 11 and 17.

**IT IS SO ORDERED.**

Dated: _____June 30, 2020_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.20\01381Godfrey_dism(juris)