United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JM GODFREY,

          Petitioner,

   v.

WARDEN PVSP,

          Respondent.

Case No.  20-01381 BLF (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

(Docket No. 22)

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of resentencing under state law.  Dkt. No. 1.  On June 30, 2020, the Court dismissed the petition or lack of federal habeas jurisdiction.  Dkt. No. 19.  Petitioner has filed a motion for reconsideration.  Dkt. No. 22.

## DISCUSSION

**A.**    <u>**Standard of Review**</u>

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  *See Am. Ironworks & Erectors v. N.*

*Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).  The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

1.  **Rule 59(e)**

A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment.  *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009); *Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1286 (9th Cir. 2013). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell 197 F.3d at 1255.

Petitioner asserts that the Court erred in failing to consider the two cases in his petition: "US. V. Willis and Sessions v. Demaya," asserting that these cases establish that there is an undeniable constitutional question in his case. Dkt. No. 22 at 1, 3.  *United States v. Willis*, 795 F.3d 986 (2015), involved a challenge to a federal sentence for violating conditions of supervised release based on the charge of felon in possession of a firearm.[1]  Contrary to his assertion, the Court finds no reference to "Sessions v. Demaya"

---

[1] Plaintiff fails to provide a full citation for "US v. Willis (2015)," using it as a citation for "definition of use of a firearm." Dkt. No. 1 at 5.  A Westlaw search yielded only this case.

United States District Court
Northern District of California

in the petition.  Dkt. No. 1.  But even if there were, Petitioner fails to establish the relevance of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which involved a petition for review in an immigration case challenging the classification of his state convictions as "crimes of violence" under federal law that was used as a basis for his deportation.  The Court finds no clear error in its dismissal of the petition for lack of federal habeas jurisdiction because Petitioner's claims essentially involved the interpretation and application of state sentencing laws and did not give rise to a federal question.  Dkt. No. 19 at 3-4.  Petitioner's reliance on the two cases mentioned above does not change this result.  Accordingly, the motion for reconsideration under Rule 59(e) is **DENIED**.

> 2.  **Rule 60(b)**

Rule 60(b) lists six grounds for relief from a judgment.  Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered.  *See* Fed. R. Civ. P. 60(b).  A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation, *see id*.; therefore, a party is not relieved of its obligation to comply with the court's orders simply by filing a Rule 60(b) motion.  *See Hook v. Arizona Dep't of Corrections*, 107 F.3d 1397, 1404 (9th Cir. 1997).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).  Based on Petitioner's argument discussed above, none of these reasons are a basis to justify reconsideration in this case.  Accordingly, the motion for reconsideration under Rule 60(b) is DENIED.

///

///

///

United States District Court
Northern District of California

## CONCLUSION

For the reasons discussed above, Petitioner's motion for reconsideration, Dkt. No. 22, is DENIED.  He may seek an appeal with the Ninth Circuit.

This order terminates Docket No. 22.

**IT IS SO ORDERED.**

Dated:  ____August 10, 2020____

BETH LABSON FREEMAN
United States District Judge

Order Denying Motion for Recon.
P:\PRO-SE\BLF\HC.20\01381Godfrey_deny-recon

United States District Court
Northern District of California